Chief Judge KOZINSKI,
dissenting:
Ghanim doesn’t allege a physical disability — he claims to suffer from sleeplessness, recurring nightmares and depression. These aren’t the kind of symptoms that are subject to clinical observations. We’d expect a treatment provider to rely heavily on self-reporting in evaluating such claims, and that’s exactly what happened here.
The ALJ didn’t put much stock in that self-reporting because he doubted Ghan-im’s credibility — and with good reason. Claims of depression are often made in fraudulent disability applications because they’re easy to fake: Applicants can be taught “how to intentionally fail memory tests, how to dress ... and how to present their demeanor.” Pervaiz Shallwani & Damian Paletta, Ex-Cops, Firefighters Charged with Disability Fraud, Wall St. J., Jan. 8, 2014, at A2. This is a serious— and costly — problem of which many appellate judges seem blissfully oblivious.
Ghanim’s story was riddled with inconsistencies. At the hearing, Ghanim painted a picture of himself as a recluse who couldn’t lead a normal life due to his mental illness. He said he was unable to cook for himself or do his own laundry and only went outside when accompanied by his friend.
*1167 But Ghanim’s own written submissions show that he regularly went for walks— sometimes alone, made his own food and had no problems performing basic grooming. He had no difficulty interacting with other people, including his landlord, had many friends and attended church. A woman who knew Ghanim for ten years said he cooks, washes his own dishes, takes walks downtown and sometimes comes to her house to watch a movie or have lunch.
The doctor who performed Ghanim’s diagnostic exam suspected he was malingering because he claimed to be unable to remember his date of birth, or the city he was in at the time of the exam. Ghanim says that his translator was poor. But he admits he understands English, previously interacted in English without a translator and worked briefly for the United States Army as an educator on Iraqi language and customs.
The ALJ’s finding that the treatment providers’ reports conflicted with treatment notes and the record as a whole was also backed by substantial evidence. The treatment notes present mixed evidence, some of which supports a finding that Ghanim is disabled, and some of which cuts the other way. For example, Ghanim self-reported on a number of occasions that he was feeling better with medication, although at other times he reported no improvement. And other parts of the record, which show Ghanim engaged in a wide range of daily activities and social interaction, conflict with the treatment providers’ assertion that he had a mental illness so debilitating he was unable to work.
The record might be read to support a finding that Ghanim was disabled, but “ ‘where the evidence is susceptible to more than one rational interpretation,’ we must uphold the Commissioner’s decision.” Sandgatke v. Chater, 108 F.3d 978, 980 (9th Cir.1997) (quoting Andrews v. Shala-la, 53 F.3d 1035, 1039-40 (9th Cir.1995)). If my colleagues want to give Ghanim an undeserved victory, they have the votes to do it. But it’s unfair of them to claim the ALJ’s decision is not supported by the record when it clearly is.